1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LACY LETNER,<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>Respondent. | Case No.  1:18-cv-01459-NONE-SAB<br><br>DEATH PENALTY CASE<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE: MOTION FOR STAY AND ABEYANCE DURING PENDENCY OF STATE EXHAUSTION PROCEEDINGS |

Before the Court is a motion filed on March 19, 2020 by Petitioner Richard Lacy Letner, through counsel Michael Snedeker and Lisa Short, to stay federal proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to allow state court exhaustion of claims and allegations in the mixed petition filed on December 19, 2019.

Respondent Warden Ronald Davis, through counsel Deputy Attorney General Galen Farris, filed his opposition to the motion on April 3, 2020.  Petitioner replied to the opposition on April 10, 2020.

On April 17, 2020, the Court vacated the April 29, 2020 hearing on the motion and took the matter under submission.

Upon consideration of the parties' filings and the record, and for good cause shown, the undersigned makes the following findings and recommendations.

1

## I. BACKGROUND AND PROCEDURAL HISTORY

On April 24, 1990, Petitioner and co-defendant Christopher Tobin were jointly tried and convicted in Tulare County of first-degree murder with special circumstances of felony murder-rape, robbery and burglary in the March 1988 stabbing death of 59-year-old Ms. Ivon Pontbriant and sentenced to death.[1]

On July 29, 2010, Petitioner's joint conviction and sentence were affirmed on direct appeal by the California Supreme Court.  People v. Letner and Tobin, 50 Cal. 4th 99 (2010) (rehearing denied Sep. 15, 2010) (certiorari denied Apr. 18, 2011, Letner v. California, 563 U.S. 939).

On September 26, 2018, the California Supreme Court summarily denied Petitioner's state habeas petition.  In re Richard Lacy Letner, Case No. S151222.  (ECF No. 25-8.)

On October 23, 2018, Petitioner began this proceeding pursuant to 28 U.S.C. § 2254 by filing requests for appointment of counsel to represent him (ECF No. 1) and to proceed in forma pauperis (ECF No. 2).

On December 19, 2019, Petitioner timely filed a 586-page petition stating 43 claims including subclaims, supported by 31 exhibits.  (ECF No. 37.)

On January 14, 2020 the parties timely filed a joint statement re exhaustion, wherein they agree that certain claims in the federal petition are unexhausted.[2]  (ECF No. 41.)[3]

## II. GENERAL LEGAL STANDARDS

### A.     Motion for Stay/Abeyance

A federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting those claims for relief to the federal court.  Baldwin

---

[1] Tobin's federal habeas petition is separately pending in this Court and is a related proceeding to this case.  See Tobin v. Davis, 18-cv-1375-NONE-SAB.

[2] Unexhausted are claims II, III(b)(10), III(b)(11), III(b)(13), III(b)(14), IV, X, XXII, XXIII(b)(7), XXIV, XXXI, XXXII, XXXIII, XXXIV, XXXVI, XXXIX, and the cumulative error allegation at page 583 of the petition (internal pagination).

[3] Unless noted otherwise, references are to ECF system pagination for documents filed electronically.

1   v. Reese, 541 U.S. 27, 29 (2004); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

2      Stay and abeyance of a federal habeas petition that includes both exhausted and

3   unexhausted claims is appropriate in "limited circumstances" where: (i) "the petitioner has good

4   cause for his failure to exhaust," (ii) "his unexhausted claims are potentially meritorious," and (iii)

5   "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

6   Rhines, 544 U.S. at 277-78.  Such a stay allows state courts the first opportunity to consider and

7   address a state prisoner's habeas corpus claims.  Rhines, 544 U.S. at 273–74 (citing Rose v.

8   Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133, 1138 (9th Cir. 2009)

9   ("Habeas petitioners have long been required to adjudicate their claims in state court - that is,

10  'exhaust' them before seeking relief in federal court.").

11     The decision whether to grant a Rhines stay is subject to the discretion of the district court.

12  Rhines, 544 U.S. at 276; see also Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (when the

13  three Rhines factors are satisfied, however, "it likely would be an abuse of discretion for a district

14  court to deny a stay[.]").

15                          **III. ANALYSIS**

16     **A.      Good Cause**

17     **1.      <u>Legal Standards</u>**

18     The existence of "good cause" in the context of a Rhines stay turns on whether the

19  petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify failure to

20  exhaust.  Jackson, 425 F.3d at 661-62; see also Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005)

21  (reasonable confusion about timeliness of a state filing ordinarily constitutes good cause); Blake v.

22  Baker, 745 F.3d 977, 982 (9th Cir. 2014) ("legitimate reason" for the failure to exhaust satisfies

23  the equitable "good cause" element of the Rhines test).

24     The Ninth Circuit Court of Appeals has observed that:

25     The caselaw concerning what constitutes "good cause" under Rhines has not been
       developed in great detail.  Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014)
26     ("There is little authority on what constitutes good cause to excuse a petitioner's
       failure to exhaust.").
27     * * *

28

                                    3

We do know, however, that a petitioner has been found to demonstrate "good cause" where he meets the good cause standard announced in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012). <u>Blake</u>, 745 F.3d at 983–84. <u>Martinez</u> carved out an exception to the general rule, stated in <u>Coleman v. Thompson</u>, 501 U.S. 722, 753-54 (1991), that "ignorance or inadvertence" on the part of a petitioner's post-conviction counsel does not constitute cause to excuse a procedural default of a claim. Specifically, the <u>Martinez</u> Court concluded that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." <u>Martinez</u>, 132 S.Ct. at 1320.

In <u>Blake</u>, we concluded that the ineffective assistance of post-conviction counsel could constitute good cause for a <u>Rhines</u> stay, provided that the petitioner's assertion of good cause "was not a bare allegation of state post-conviction [ineffective assistance of counsel], but a concrete and reasonable excuse, supported by evidence." <u>Blake</u>, 745 F.3d at 983. The court further observed that "good cause under <u>Rhines</u>, when based on [ineffective assistance of counsel], cannot be any more demanding than a showing of cause under <u>Martinez</u> to excuse state procedural default." <u>Id.</u> at 983–84. We emphasized, in response to the idea that ineffective assistance of post-conviction counsel could always be raised, that <u>Rhines's</u> requirement that claims not be plainly meritless and that the petitioner not engage in dilatory litigation tactics "are designed ... to ensure that the <u>Rhines</u> stay and abeyance is not . . . available in virtually every case," <u>id.</u> at 982.

<u>Dixon v, Baker</u>, 847 F.3d 714, 720-21 (9th Cir. 2017); <u>see also</u> <u>Blake</u>, 745 F.3d at 983-84.

### 2.   Petitioner Has Shown Good Cause

Petitioner argues that the ineffective assistance of post-conviction (state habeas) counsel by their prejudicial failure to investigate, develop and present certain of the unexhausted claims through inadvertence, unawareness and misunderstanding, provides excuse and good cause for failure to exhaust.[4]  (ECF No. 52 at 4-5 citing <u>Blake</u>, 745 F.3d at 982-83.)  He supports the argument with evidence in the form of habeas declarations by post-conviction counsel Cristina Bordé and Fred Renfroe attesting to the lack of any strategic basis for their failure to raise on state collateral review certain of the unexhausted claims.  (ECF No. 52 at 4-5 citing ECF Nos. 37-25, 37-31, respectively; <u>Blake</u>, 745 F.3d at 982-83; <u>Dixon</u>, 847 F.3d at 716; <u>Hernandez v. Chappell</u>, 923 F.3d 544, 550 (9th Cir. 2019) (quoting <u>Doe v. Ayers</u>, 782 F.3d 425, 445 (9th Cir. 2015) ("Generally, we credit the statements of defense counsel as to whether their decisions at trial were

---

[4] Petitioner argues this theory of good cause as to unexhausted claims III, IV, XXII, XXIII, XXIV, XXXI, XXXII, XXXIII, and XXXIV.  Because good cause is otherwise apparent, the undersigned need not and does not consider Petitioner's alternative theory of good cause, i.e. unavailability of legal theory and operative facts, asserted as to Claims IV (portion), X, XXXVI and XXXIX.

1  - or were not - based on strategic judgments."); see also Strickland v. Washington, 466 U.S. 668,

2  687-92 (1984) (ineffective assistance of counsel has two components, deficient performance and

3  prejudice therefrom).

4      Respondent responds that Petitioner cannot rely solely upon evidence that post-conviction

5  counsel lacked strategic motivation.  (ECF No. 54 at 5 citing Wooten, 540 F.3d at 1024 (a bare

6  statement of oversight from appellate counsel cannot constitute good cause under Rhines, because

7  that would hardly confine stays to "limited circumstances.")  He argues counsel's actions must be

8  objectively unreasonable.  (ECF No. 54 at 4 citing Strickland, 466 U.S. at 688 [ineffective

9  assistance requires a showing that counsel's representation fell below an objective standard of

10  reasonableness]; Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000) ["The relevant question is not

11  whether counsel's choices were strategic, but whether they were reasonable."].)  Especially so, he

12  argues as post-conviction counsel does not have a duty to raise every non-frivolous or weak issue.

13  (ECF No. 54 at 5 citing Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Miller v. Keeney, 882 F.2d

14  1428, 1434 (9th Cir. 1989); see also ECF No. 54 at 12.)  He observes the state habeas petition is a

15  substantial work, totaling 251 pages asserting 10 claims with multiple subclaims, numerous

16  supporting exhibits, and proffered additional facts and exhibits.  (ECF No. 54 at 5; see also ECF

17  Nos. 24 and 25.)

18      Petitioner replies that good cause under Rhines does not require ineffective assistance

19  under the Strickland standard be proved, but rather only presentation of sufficient evidence to

20  show excuse for failure to exhaust.  (ECF No. 55 at 2 citing Blake, 745 F.3d at 983-84; see also

21  Martinez, 566 U.S. at 14.)

22      The undersigned finds Petitioner has met the Coleman/Martinez standard to show good

23  cause under Rhines.  (Blake, 745 F.3d at 983-84 & n.7.)  As Petitioner argues, he need not prove

24  ineffective assistance of post-conviction counsel.  See e.g., Ervine v. Warden, San Quentin State

25  Prison, No. 2:15-CV-1916 TLN DB, 2018 WL 372754, at *3 (E.D. Cal. Jan. 10, 2018), report and

26  recommendation adopted, No. 2:15-CV-01916-TLN-DB, 2018 WL 1173959 (E.D. Cal. Mar. 6,

27  2018).  Under Blake, Petitioner need only provide a "concrete and reasonable excuse, supported by

28  evidence" that his post-conviction counsel failed to discover, investigate, and present to the state

1  courts the new claim.  Id.

2       Petitioner has carried this burden.  He has done more than make a "bare allegation" of

3  ineffective assistance by post-conviction counsel.  Blake, 745 F.3d at 983.  He has provided a

4  reasonable excuse in the form of ineffective assistance of post-conviction counsel by prejudicial

5  failure to independently investigate, discover and develop noted then available facts supporting

6  colorable unexhausted claims.  He has supported this excuse with post-conviction counsel's

7  averments that they failed to uncover the unexhausted claims notwithstanding then available

8  information alerting them to these claims.  As noted in Ervine:

> 9     Courts in this circuit have found good caused based on a similar showing.  See
> 10  Cruz v. Mitchell, No. 13-CV-2792-JST, 2015 WL 78779 (N.D. Cal. Jan. 5, 2015)
>    (petitioner's showing that current counsel uncovered evidence of jury misconduct
>    that could have been uncovered, and raised, by state habeas counsel is sufficient
> 11  showing of ineffective assistance of counsel for Rhines stay); Ramos v. Chappell,
>    No. C 05-3752 SI, 2014 WL 6065660 (N.D. Cal. Nov. 12, 2014) (declaration of
> 12  state post-conviction counsel that he had no strategic reason for failing to raise
>    claims was a "reasonable excuse supported by evidence" and established good
> 13  cause under Rhines).

14  2018 WL 372754, at *3; see also Bell v. Davis, No. 17-CV-1051 WQH (JLB), 2018 WL 5758157,

15  at *5-6 (S.D. Cal. Nov. 1, 2018) (petitioner met good cause requirement by submitting a

16  declaration of post-conviction counsel explaining their errors to support his argument of

17  ineffective assistance of counsel); cf. Barrera v. Muniz, No. 2:14-CV-2260 JAM DAD P, 2015 WL

18  4488235 at *3 (E.D. Cal. July 23, 2015), report and recommendation adopted, 2015 WL 6736813

19  (E.D. Cal. Nov. 4, 2015) (no good cause found where petitioner submitted no evidence in support

20  of ineffective assistance of counsel); Lisea v. Sherman, No. 2:14-CV-1766 CKD P, 2014 WL

21  4418632 at *3 (E.D. Cal. Sept. 8, 2014) (denying a motion for stay and abeyance because the

22  petitioner presented no evidence in support of his contention that appellate counsel was ineffective

23  in failing to raise certain claims).

24       **B.**    **An Unexhausted Claim is Potentially Meritorious**

25       The second Rhines factor is determining whether an unexhausted claim is "potentially

26  meritorious."  A federal habeas petitioner need only show that one of his unexhausted claims is not

27  "plainly meritless" in order to obtain a stay under Rhines.  544 U.S. at 277.  In determining

28  whether a claim is "plainly meritless," principles of comity and federalism demand that the federal

court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." Id. (citing Lundy, 455 U.S. at 515).

Petitioner argues that "[h]e has articulated cognizable constitutional claims supported by relevant legal authority and has presented such evidence as is presently available to him." (ECF No. 52 at 11; see also ECF No. 55 at 5-7.)

Respondent responds that the unexhausted claims are plainly meritless, and certain of them assert grounds waived by failure to object at trial and otherwise procedurally barred. (ECF No. 54 at 6-12.)

Petitioner replies by arguing his claims are meritorious for the reasons stated, and that any waiver by trial counsel's failure to object was the product of ineffective assistance and not a bar to relief. (ECF No. 55 at 4 citing ECF No. 37 at 182.)

The undersigned finds Petitioner has adequately established that his unexhausted claims are potentially meritorious for purposes of a Rhines stay. The Ninth Circuit made clear in Dixon that the federal court should not usurp the state court's right to first address the merits of a "colorable federal claim." Id.

A review of Petitioner's unexhausted claims shows that they are at least "colorable" and not "hopeless." See Cruz, 2015 WL 78779, at *3 (petitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous." Petitioner's unexhausted claims are "well-supported by specific averments and numerous exhibits" and by "relevant legal authority" and "such evidence and offers of proof as are presently available to him." Id.

For example, Petitioner alleges in Claim III(b)(10) that the prosecution failed to disclose evidence potentially undermining the testimony of its criminalist Rodney Andrus regarding crime scene indications of semen possibly deposited by Petitioner's co-defendant, Christopher Tobin; evidence used to support the attempted rape charge against both defendants. (See ECF No. 37 at 249-511, 284-86; ECF Nos. 37-22, 37-25; ECF No. 55 at 3.) He alleges in Claim III(b)(11) that

1  the prosecution provided prejudicial discovery ex parte to the trial court on the eve of trial;

2  evidence supporting a defense of trial court bias.  (See ECF No. 37 at 251-54; ECF Nos. 37-15, 37-

3  16, 37-25; ECF No. 55 at 4.)  He alleges in Claim IV that the prosecution knowingly presented

4  false and misleading testimony regarding crime scene forensic evidence used to support the murder

5  and attempted rape charge.  (See ECF No. 37 at 258-79; ECF No. 37-25.)  He argues in Claim

6  XXIV that the trial court coerced the deadlocked jury into a death verdict.  (See ECF Nos. 37 at

7  472-82; 52 at 7-8; 55-1.)  All these allegations are specific and supported by citations to the state

8  record and facts therein, and to exhibits appended to the federal petition.

9  **C.    No Intentionally Dilatory Tactics**

10  The final Rhines factor is considering whether Petitioner has engaged in "intentionally

11  dilatory tactics."  There is a paucity of case law defining this standard.

12  Petitioner argues that he has "presented these issues as soon as was reasonably possible"

13  and based thereon concludes that there is no indication he has engaged in intentionally dilatory

14  litigation tactics.  (ECF No. 52 at 11.)

15  Respondent responds that Petitioner has been intentionally dilatory to the extent (i) the

16  December 19, 2019 federal petition includes concededly unexhausted claims, yet the motion for

17  Rhines stay was not filed until March 19, 2020; and (ii) Petitioner has not filed a state exhaustion

18  petition.  (ECF No. 54 at 13 citing ECF No. 37 at 258, 496, 513.)

19  Petitioner replies that he rightly delayed seeking a stay pending a meet and confer process

20  on claim exhaustion, consistent with orders of this Court.  (ECF No. 55 at 8-9 citing ECF Nos. 16

21  and 34.)

22  The undersigned find nothing in the record suggesting that Petitioner engaged in

23  "intentionally dilatory litigation tactics," either prior to or after filing the federal petition.

24  Respondent does not contend Petitioner engaged in any intentionally dilatory litigation

25  tactics prior to filing the federal petition.  He provides no authority for the proposition that a

26  petitioner must seek a stay at the time he files his federal petition or immediately thereafter.

27  Furthermore, the case management record reflects that during this time, Petitioner was

28  investigating and ascertaining his unexhausted claims through the noted meet and confer process

ordered by the Court.  Petitioner's instant motion seeking stay and abeyance was timely under the

Court's scheduling for this case.  Moreover, this Court previously observed that:

> "It is reasonable to wait to return to state court until respondent has made his position [on] exhaustion known and this court identifies which claims are exhausted and which are unexhausted."  Id. at 8 (citing Bunyard v. Davis, No. 2:15-CV-1790 WBS AC DP, 2018 WL 6065389, at *5 (E.D. Cal. Nov. 20, 2018), adopted as modified by Bunyard v. Davis, 2019 WL 134564 (E.D. Cal. Jan. 7, 2019); Kennedy v. Warden, No. 2:13-CV-2041 KJM KJN DP, 2015 WL 6502285, at *5 (E.D. Cal. Oct. 27, 2015), adopted by Kennedy v. Warden, 2016 WL 1573118 (E.D. Cal. Apr. 19, 2016) ).

Leonard v. Davis, No. 2:17-CV-0796-JAM-AC DP, 2019 WL 1772390, at *5 (E.D. Cal. Apr. 23,

2019), report and recommendation adopted, No. 2:17-CV-0796-JAM-AC DP, 2019 WL 2162980

(E.D. Cal. May 17, 2019).

## IV. CONCLUSIONS

The Court need not determine whether a Rhines stay is appropriate as to each of the

unexhausted claims.  "One claim requiring a stay acts as an umbrella for all claims."  Horning v.

Martel, No. 2:10-CV-1932 JAM GGH DP, 2011 WL 5921662, at *2-3 (E.D. Cal. Nov. 28, 2011),

adopted in full, 2012 WL 163784 (Jan. 19, 2012); Jackson v. CSP-Solano, No. 2:14-CV-2268

MCE-DBP, 2017 WL 404583, at *5 (E.D. Cal. Jan. 30, 2017), report and recommendation adopted

2017 WL 896325 (E.D. Cal. Mar. 6, 2017) (same).  Because Petitioner has satisfied Rhines as to

the noted unexhausted claims, the instant proceeding should be stayed and held in abeyance until

an exhaustion petition is filed and the California Supreme Court has acted on the petition.[5]

Even so, a Rhines stay may not be indefinite or without reasonable time limits for

Petitioner's return to state court.  Rhines, 544 U.S. at 277–78.  Although the duration of the stay of

these federal habeas proceedings is dependent upon how long the exhaustion petition is pending

before the state courts, it will conclude upon the rendering of a final decision in state court on the

exhaustion petition.

For the reasons set forth above, the undersigned finds: (1) Petitioner has established good

---

[5] The undersigned need not and does not consider Petitioner's arguments relating to deemed exhaustion and procedural default (see ECF No. 52 at 9-11), and expresses no opinion on the ultimate merits of the unexhausted claims.

cause for a stay of these proceedings based on his showing that post-conviction counsel could have, but failed to, raise unexhausted claims; (2) one or more unexhausted claims are potentially meritorious; and (3) there is no indication Petitioner has acted in an intentionally dilatory fashion.[6]

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's March 19, 2020 Motion To Stay Federal Proceeding Pending Resolution Of State Court Proceeding (ECF No. 52) be granted and any and all scheduled dates in this proceeding be vacated.

2.  Petitioner pursue state court exhaustion without delay and to inform this Court within thirty (30) days of a decision by the state court on his exhaustion petition.

This Report and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven days** after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 29, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] The Rhines analysis above also strongly favors the issuance of the requested stay in the Court's inherent power to manage its dockets and stay proceedings.  See Ryan v. Gonzales, 568 U.S. 57, 73-74 (2013) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  Particularly, on the facts and circumstances of this case, granting exhaustion stay eliminates the possibility of piecemeal litigation, see Calderon v. United States District Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998), abrogated on other grounds by Jackson, 425 F.3d at 660-62, and promotes comity, see Lundy, 455 U.S. at 518.