**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| RICHARD LACY LETNER, | Case No. 1:18-cv-01459-JLT |
|---|---|
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | ORDER DENYING PETITIONER'S MOTION TO LIFT STAY AND EXCUSE EXHAUSTION |
| RON BROOMFIELD, Warden of San Quentin State Prison, | |
| Respondent.[1] | (Doc. 64) |

Petitioner has moved the Court to lift the stay of this federal proceeding for exhaustion, which was designed to allow him to exhaust his second state habeas petition.[2] He asks also for the Court to declare those state claims exhausted or to excuse exhaustion because, he argues, there is no available state corrective process or that process is ineffective. For the reasons set forth below, Petitioner's motion is DENIED without prejudice.[3]

## I. BACKGROUND

Petitioner and co-defendant Christopher Tobin were convicted in Tulare County of first-degree murder with special circumstances of murder committed in the course of burglary, attempted rape and robbery, as well as robbery, burglary, attempted rape, and theft of an automobile, all arising from the

---

[1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as Respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).
[2] The stay was issued pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (*See* Doc. 58.)
[3] As Respondent observes, Petitioner does not seek relief from the *Rhines* stay as to only the federal exhausted claims and such relief is not before the Court. (*See* Doc. 58 at 1-2; Doc. 67 at 2 n.1.)

1 March 1988 stabbing death of 59-year-old Ivon Pontbriant.[4] Petitioner and Tobin were sentenced to
2 death and to consecutive prison terms for the non-capital offenses.

3       The California Supreme Court affirmed Petitioner's direct appeal of his conviction and
4 sentence. *People v. Letner and Tobin,* 50 Cal. 4th 99 (2010), *rehearing denied* Sep. 15, 2010,
5 *certiorari denied* Apr. 18, 2011*, Letner v. California*, 563 U.S. 939. It also summarily denied
6 Petitioner's state habeas petition. *In re Richard Lacy Letner*, Case No. S151222.

7       On October 23, 2018, Petitioner began this proceeding pursuant to 28 U.S.C. § 2254 by filing
8 requests for appointment of counsel and to proceed *in forma pauperis*. The Court appointed counsel
9 for Petitioner, and on December 19, 2019, he timely filed a 586-page initial federal petition stating 43
10 claims including subclaims, supported by 31 exhibits.

11 <center>II. DISCUSSION</center>

12       Petitioner argues that the state habeas process is unavailable or ineffective as to his second state
13 habeas petition pending in the Tulare County Superior Court, such that: (1) the state claims should be
14 deemed exhausted or excused from exhaustion, (2) the exhaustion stay in this proceeding should be
15 lifted, and (3) the state claims should be reviewed *de novo* by this Court.  (*See* Doc. 64 at 5-7 citing 28
16 U.S.C. § 2254(b)(1)(B)(i)(ii); *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999) (the exhaustion
17 doctrine turns on an inquiry into what procedures are "available" under state law); *see also* Doc. 64-1
18 at Ex's 2-4 citing *Harris v. Reed*, 489 U.S. 255, 268 (1989) (O'Connor, J., concurring) ("[I]n
19 determining whether a remedy for a particular constitutional claim is "available," the federal courts
20 are authorized, indeed required, to assess the likelihood that a state court will accord the habeas
21 petitioner a hearing on the merits of his claim."); *Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir.
22 2001) (exhaustion satisfied where the state courts would not afford petitioner a hearing on the merits
23 of his unexhausted claims); *Coe v. Thurman*, 922 F.2d 528, 530-531 (9th Cir. 1990) (excessive delay,
24 denying due process, may excuse exhaustion).)

25       Petitioner argues that the Tulare County Superior Court refused to appoint his federal counsel
26 as state habeas counsel; refused to rule on his second state habeas petition within the period provided

27
28 ---
[4] Tobin's federal habeas petition is separately pending in this Court and is a related proceeding to this case. *See Tobin v. Davis,* 1:18-cv-01375-JLT.

by state law; and will not reach the merits of his state claims without excessive delay given the absence of any sufficient state habeas funding mechanism. Petitioner states that:

1. The Tulare County Superior Court, on October 8, 2020, denied his request that federal habeas counsel be appointed to represent him in the state exhaustion proceeding.

2. The Tulare County Superior Court assigned Petitioner's second state exhaustion petition filed there on January 27, 2021 to Porterville Branch Presiding Judge Anthony Fultz on September 16, 2021; Judge Fultz has taken no action on the petition, even though state law requires a ruling within sixty days of filing. (Doc. 64 at 4-8; *see also* Doc. 64-1 at 3-6; Penal Code § 1509; California Rule of Court 4.571.)[5]

3. Judge Fultz has not ruled on Petitioner's March 10, 2022 motion for a ruling on the second state exhaustion petition. (Doc. 64 at 4.)

4. The Tulare County Court Manager, on June 20, 2022, advised Petitioner's counsel that Judge Fultz is looking at the petition when he can; that Judge Fultz has a full load as presiding judge and is short-staffed; and that to her knowledge Tulare County was not provided with any meaningful training or funding for cases such as this one, which prior to Proposition 66 were handled entirely by the California Supreme Court. (*See* Doc. 64 at 4-5; Doc. 64-1 at 6.)[6]

5. California has not provided its counties sufficient funding for appointment of habeas counsel and exhaustion litigation. (Doc. 64 at 8; *see also* Doc. 64-1 at 6.)

Respondent opposes Petitioner's motion. He concedes the state court has been slow to proceed on Petitioner's second habeas petition but argues that the delay is not so great—and the delay in the future is speculative—as to render the state habeas corrective process either unavailable or ineffective for purposes of 28 U.S.C. § 2254(b)(1)(B)(i)(ii), or to constitute a violation of due process. (*See* Doc. 67 at 2.) Respondent argues the state's multi-level habeas corrective process (i.e., superior court, appeal court, supreme court) remains available to Petitioner. (Doc. 67 at 3-4, 11 citing *Boerckel*, 526 U.S. at 845 (a petitioner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (same); *In re Friend*, 11 Cal. 5th 720, 725-26 (same) (2021); *cf. Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) (procedurally defaulted claim deemed exhausted where state remedies no longer available); *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732-33 (2022) (discussing

---

[5] Reference to state law is to California law.

[6] Proposition 66, the Death Penalty Reform and Savings Act of 2016, was approved by the state electorate on November 8, 2016, and became effective on October 25, 2017. Proposition 66 enacted a number of statutory reforms in an effort to make the system of capital punishment "[m]ore efficient, less expensive, and more responsive to the rights of victims." (*Friend,* 11 Cal. 5th at 725–726.)

1  procedurally barred claims as technically exhausted and excused from procedural default).  For
2  example, Respondent argues that Petitioner yet may seek relief from any delay in the Tulare County
3  Superior Court by applying to the state's court of appeal and supreme court. (*See* Doc. 67 at 8 citing
4  *Briggs v. Brown*, 3 Cal. 5th 808, 834 (2017), *as modified on denial of reh'g* Oct. 25, 2017 (Proposition
5  66 "does not deprive the appellate courts of their original writ jurisdiction, which they may exercise in
6  appropriate circumstances"), and Penal Code § 1509(a) (if the petition is filed in a court other than the
7  one that imposed judgment, then the petition "should" be transferred to that court "unless good cause
8  is shown for the petition to be heard by another court").)

9       Respondent argues that any failure of the Tulare County Superior Court to rule on Petitioner's
10 second state habeas petition within 60 days of filing is not evidence of an unavailable or ineffective
11 corrective process because the 60-day timeline relied upon by Petitioner is merely directory and may
12 be departed from when consistent with a fair adjudication and principles of comity.  (Doc. 67 at 5, 10
13 citing Penal Code § 1509; *Briggs*, 3 Cal.5th at 823, 860-61; *see also* Doc. 67 at 7 citing *Duckworth v.*
14 *Serrano*, 454 U.S. 1, 3 (1981) (exhaustion serves to minimize friction between our federal and state
15 systems of justice by allowing the state an initial opportunity to pass upon and correct alleged
16 violations of prisoners' federal rights).)

17      Respondent argues also that Petitioner offers only speculation that a lack of state funding caused
18 the Tulare County Superior Court to deny appointment of federal counsel to the state habeas proceeding.
19 He observes there is no constitutional right to counsel on post-conviction review.  (*See* Doc. 67 at 11-
20 13 citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (no constitutional right to appointed counsel
21 on collateral review). He suggests the Tulare County Superior Court may have viewed the federal
22 appointment as applicable in the current state exhaustion proceedings.  (*See id.*, citing *Harbison v. Bell*,
23 556 U.S. 180, 190 n.7 (2009)); *see also* 18 U.S.C. § 3599(e) (federal counsel may represent a condemned
24 state inmate through "other appropriate motions and procedures").)

25      Respondent argues that Petitioner has not demonstrated prejudice from delay in the state
26 corrective habeas process. (*See* Doc. 67 at 8 citing *Coe*, 922 F.2d 528, 531-32 (9th Cir. 1990), quoting
27 *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (the prejudice analysis focuses upon the possibility the
28 defense will be impaired).) Respondent argues that Petitioner has not proffered anything to suggest

that the relatively brief state court delay in ruling on his second exhaustion petition has or will impair any particular claim for relief, or threatened execution of his death sentence prior to claim resolution. (Doc. 67 at 9 citing *Coe*, 922 F.2d at 532 citing *Barker*, 407 U.S. at 532 (courts generally consider three factors when determining prejudice from delay in post-conviction relief, (1) oppressive incarceration pending appeal, (2) anxiety and concern of the accused awaiting the outcome of the appeal, and (3) the possibility that grounds for appeal or defense upon any retrial will be impaired); *United States v. Antoine*, 906 F.2d 1379, 1383 (9th Cir. 1990) (remand to district court to determine whether, under *Coe*, Petitioner has shown prejudice by particularized anxiety or impairment of his case).)

It is settled that:

> Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *see Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).
>
> A federal court may, however, grant a petitioner's unexhausted petition for habeas relief if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(i)-(ii). "Under the exception contained in § 2254(b)(1)(B)(ii), which applies when 'circumstances exist that render such process ineffective to protect the rights of the applicant,' a petitioner may seek redress in federal court 'if the [state] corrective process is so clearly deficient as to <u>render futile</u> any effort to obtain relief.'" *Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017) (first quoting § 2254(b)(1)(B)(ii) and then quoting *Serrano*, 454 U.S. at 3 (1981) (emphasis in original)). Futility is more appropriately found when purely legal issues are raised. *See Noltie v. Peterson*, 9 F.3d 802, 806 (9th Cir. 1993) (agreeing with district court's observation that "the futility doctrine is most compelling where the question is one of pure law, and the circumstances of the individual case are largely irrelevant").

*Harper v. Houston*, No. CV 20-10902-PA (JPR), 2021 WL 3686252 at *2 (C.D. Cal. July 13, 2021), *report and recommendation adopted*, No. CV 20-10902-PA (JPR), 2021 WL 3682308 (C.D. Cal. Aug. 18, 2021); *see also Ramirez*, 142 S. Ct. at 1732 (citing *Ngo*, 548 U.S. at 92-93) ("[I]n the habeas

context, state court remedies are […] 'exhausted' when they are no longer available, regardless of the reason for their unavailability.").

Courts look to four factors in determining whether the state's delay in adjudicating a petitioner's claim satisfies either of the § 2254(b)(1)(B) exceptions or violates due process: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Coe,* 922 F.2d at 531; *see also Hill v. Chappell*, No. CV 12-4909 CAS, 2012 WL 2340875 at *4 (C.D. Cal. June 19, 2012) (to the extent that federal courts are willing to consider the circumstances under which a petitioner can avoid exhaustion under section 2254(b)(1)(B), the petitioner must establish that to do so would be pointless). Notably, the court in *Coe* observed that "there is no talismanic number of years or months, after which due process is automatically violated."). 922 F.2d at 531. These factors do not weigh in favor of the § 2254(b)(1)(B) exceptions or demonstrate a violation of Petitioner's due process rights.

First, Petitioner has not shown that the Tulare County Superior Court's less than two-year delay in ruling on his second state capital habeas petition is itself "unusual," "extraordinary," or "unreasonable." *See Hill,* 2012 WL 2340875 at *2  (there is no controlling case law in the Ninth Circuit that lengthy appellate delay alone could support a finding that pending habeas claims have been exhausted); *see also  James v. Reese,* 546 F.2d 325, 327 n.1 (9th Cir. 1976) (undue delay in state court, not attributable to petitioner, may excuse exhaustion). Other capital cases suggests as much. *See Phillips v. Vasquez,* 56 F.3d 1030, 1035 (9th Cir. (1995) (statutory exemption from exhaustion relating to conviction claims found where only sentencing claims were pending in state habeas proceedings and the latter had resulted in a 15 year delay); *Hamilton v. Calderon,* 134 F.3d 938, 939 (9th Cir.1998) (a less than two-year delay in the California Supreme Court's review of the petitioner's capital case is not "extreme delay"); *Ashmus v. Davis*, No. 93-CV-0594-THE, 2017 WL 2876842 at *2 (N.D. Cal. July 6, 2017) (no statutory exception to exhaustion where the petitioner's capital exhaustion petition had been pending for two years and ten months); *Majors v. Cullen*, 2:99-cv-00493-MCE-KJN Doc. 151 at 5 (E.D. Cal. March 26, 2010) (four-year delay in the California Supreme Court's consideration of lengthy capital habeas petition was not unusual or unjustified).

Even in less complex non-capital cases excusing exhaustion, the period of state court delay was

longer than in this case, and/or the other relevant *Coe* factors supported excuse from exhaustion. *See Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978) (state corrective process ineffective where the state habeas petition was dormant for over a year and the state offered us no reason for the delay); *Calhoun v. Farley*, 913 F. Supp. 1218, 1221 (N.D. Ind. 1995) (exhaustion excused upon inaction by both the state and pro se inmate for almost two years); *Brooks v. Jones,* 875 F.2d 30, 32 (2d Cir. 1989) (eight-year delay in state appeal excused exhaustion where there was a pattern of neglect by counsel and delay by the court); *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (exhaustion excused where the state failed to assert nonexhaustion as a defense and the state court failed to address the merits of the petition for more than three years); *Palmer v. Judge and Dist. Atty. Gen. of Thirteenth Judicial Dist. of Tennessee*, 411 F. Supp. 1029, 1033-34 (W.D. Tenn. 1976) (state inaction for at least five years excused exhaustion).

Petitioner's reliance on cases where the state court refused to rule or no longer could rule, is misplaced due to the distinguishable facts and circumstances of this case. (*See* Doc. 64 at 5-6 citing *Johnson v. (Tara) Williams*, 568 U.S. 289, 303 (2013) (when the state court has declined to rule on the merits of a claim, "§2254(d) entitles the prisoner to an unencumbered opportunity to make his case before a federal judge"); *Ngo*, 548 U.S. at 92-93 (state court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason why); *Serrano*, 454 U.S. at 3 (citing *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971), superseded by statute as stated in *Ngo*) (federal courts must excuse exhaustion "[i]f there is no opportunity to obtain redress in state court, or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.").)

Second, Petitioner has not demonstrated that the Tulare County Superior Court's delay in ruling on the second state habeas petition is intentional or unnecessary. (*See* Doc. 64-1 at 5-6; *cf. Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) (exhaustion doctrine is one of comity and where the petitioner's claim has been deliberately delayed by the state, a federal court should not become catalyst for further delay by insisting upon exhaustion); *Mucie v. Missouri State Dept. of Corrections*, 543 F.2d 633, 635-36 (8th Cir. 1976) (exhaustion excused where state has been unnecessarily and intentionally dilatory by failing to respond to the state petition for over a year); *U.S. ex rel. Long v. Rundle*, 331 F. Supp. 211, 212 (E.D. Pa. 1971) (inexcusable delay by state may waive exhaustion

requirement). Rather, the record suggests that Judge Fultz is considering the second state exhaustion petition despite the press of other matters before that court. Presumably, the 119-page second state habeas petition before Judge Fultz presents issues that are complex and records that are voluminous. (*See* Doc. 64-1 at 3; Doc. 57 at 6-10); *see also People v. Dunkle,* 36 Cal.4th 861, 942 (2005), *disapproved on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 n.22 (2009) (highlighting "[t]he unique demands of appellate representation in capital cases[.]").

Third, Petitioner has not demonstrated that it is unlikely the Tulare County Superior Court will reach the merits of the fact-based claims in his second state habeas petition. *See Edelbacher v. Calderon*, 160 F.3d 582, 585-86 (9th Cir. 1998) (requiring exhaustion because the petitioner did not demonstrate an ineffective state process or other extraordinary circumstance); *Harper*, 2021 WL 3686252 at *2 (citing *Fahr v. Arizona*, No. CV 20-08114-PCT-DGC (DMF), 2020 WL 3791535 at *2 (D. Ariz. July 7, 2020)) (refusing to excuse the petitioner's failure to exhaust claim seeking release from prison based on COVID-19 concerns because the petitioner failed to show that state courts were incapable of providing requested relief). The record suggests that merits review of the second state habeas petition, including any fact based claims therein, is ongoing. (*See* Doc. 64-1 at 6; Doc. No 57 at 6-8.)

Moreover, the state court has not yet addressed and resolved any matters of procedural default, which might bar subsequent federal review. (*See* Doc. 64-1 at 3-6; Doc. 57 at 6-8); *see also Tobin v. Davis*, No. 1:18-cv-01375-NONE-SAB, 2021 WL 1625338 at *4–5 (E.D. Cal. Apr. 27, 2021) (citing *In re Reno*, 55 Cal. 4th 428, 472 (2012)) ("[T]he magnitude and gravity of the penalty of death persuades us that the important values which justify limits on untimely […] petitions are outweighed by the need to leave open […] relief [pursuant to the *Clark/Robbins* exceptions from procedural default]."). Petitioners must properly exhaust their claims by presenting them to the state's highest appellate court even if doing so appears futile. *See Noltie*, 9 F.3d at 805–06 (citing *Engle v. Isaac*, 456 U.S. 107, 130 (1982)) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.").

Respondent argues, correctly, that Petitioner has not demonstrated with any degree of factual

specificity that a lack of state funding and resources has or will unduly delay proceedings on the second state habeas petition. (*See* Doc. 67 at 11-13; *cf.* Doc. 70 at 2-5 (citing *Phillips,* 267 F.3d at 974) *(citing Harris,* 489 U.S. at 268) ("[I]n determining whether a remedy for a particular constitutional claim is 'available,' the federal courts are authorized, indeed required, to assess the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his claim."). As discussed above, the Tulare County Superior Court's failure to appoint federal habeas counsel in those proceedings is not evidence of undue delay resulting from insufficient funding because Petitioner's counsel are under federal appointment need not be appointed by the state court in order to appear in a state proceeding. *See* California Rule of Court 8.652(i). Moreover, Petitioner's counsel appeared in state court, and filed the instant second habeas petition in that court. Judge Fultz has that petition under consideration and is working toward a ruling. *See* Doc. 64-1 at 6; *cf. U.S. ex rel. Ruth v. Russell*, 330 F. Supp. 1053 (E.D. Pa. 1971) (where disposition of state postconviction proceedings was imminent and petitioner challenged his conviction only on grounds of delay, even protracted delay in state court is not a basis to excuse exhaustion); *Briggs*, 3 Cal. 5th at 860 ("Proposition 66 presumes that the courts will have sufficient resources to manage their caseloads.").

The Court persuaded that the Tulare County Superior Court's failure to rule on Petitioner's second state habeas petition within the 60 days provided by California Rule of Court 4.571(e)(1) is a basis to find otherwise. *See e.g., Alfaro*, 862 F.3d at 1182-1183 (even if futility persists as a potential exception to AEDPA's exhaustion requirement, no futility is apparent where the state supreme court has not definitively rejected the claim in issue); *cf. Thomas v. Teets*, 205 F.2d 236, 240 (9th Cir. 1953) (state process is ineffective where only two days remain before execution of death sentence for seeking action on petition for certiorari). Petitioner has not shown that Rule 4.571, promulgated in the wake of Proposition 66, imposes a mandatory requirement the violation of which forecloses the state habeas corrective process. The California Supreme Court has suggested otherwise, finding the deadlines enacted by Proposition 66 to be directory and not mandatory. *See Briggs*, 3 Cal. 5th at 823, 859-61; Penal Code § 1509. As the *Briggs* Court observed, proceedings governed by Proposition 66 are to be conducted "as expeditiously as possible, consistent with a fair adjudication." 3 Cal. 5th at 859-60 (citing Pen. Code § 1509(f)). "The superior courts must be allowed to exercise their ultimate

control or discretion over the order in which the cases pending before [them] should be considered [citation] and to give each case the time required for reasoned decision." *Briggs*, 3 Cal. 5th at 861.

To the extent Petitioner suggests that bypassing the Tulare County Superior Court and seeking relief from a higher state court would be contrary to post-Proposition 66 practice and futile (s*ee* Doc. 70 at 1-3), the Court again observes that Proposition 66 preserved original writ jurisdiction in all three levels of the state courts. *See* Penal Code § 1509(a); *Briggs*, 3 Cal. 5th at 834 (Proposition 66 "does not deprive the appellate courts of their original writ jurisdiction, which they may exercise in appropriate circumstances"). Furthermore, Petitioner has not demonstrated the unavailability of interlocutory relief in the higher state courts.

Merely raising doubt about the effectiveness of future state court habeas process is not a basis upon which to find exhaustion. *See e.g., U.S. ex rel. Bagley v. LaVallee*, 332 F.2d 890, 892 (2th Cir. 1964) (even were there some doubt as to availability relief in state court, a federal court should give the state court first chance of review, absent an authoritative showing that no further relief remains available in state court); *Hawk v. Jones*, 160 F.2d 807, 810 (8th Cir. 1947) (a federal court cannot accept jurisdiction in habeas corpus proceedings on the basis of a doubt which it may have concerning the adequacy of state process to protect federal constitutional rights); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W.Va. (1986) (a federal court should defer until the question of whether state remedy is available, is decided in the state forum); *Bergenthal v. Mathews*, 392 F. Supp. 1267, 1271-72 (E.D. Wis. 1975) (potential for delay in the course of state postconviction proceeding did not make state postconviction relief inadequate for purposes of exhaustion). Indeed, relying upon the futility doctrine as an excuse from the exhaustion requirement has been met with disfavor. *LaGrand v. Stewart*, 173 F.3d 1144, 1147-48 (9th Cir. 1999). Federal courts have narrowly applied the futility doctrine as an excuse from exhaustion, finding futility most appropriate where the state claims raise purely legal issues. *See Lynce v. Mathis*, 519 U.S. 433, 436 n.4 (1997) (excusing the petitioner from presenting his *Ex Post Facto* Clause claim to the highest state court where that court had rejected the identical claim in another case); *see also Serrano*, 454 U.S. at 3 (the [28 U.S.C. § 2254(b)(1)(B)(i)] exception applies "if the corrective process is so clearly deficient as to render futile any effort to obtain relief."); *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981) (recognizing futility as an excuse

1    from exhaustion); *Noltie*, 9 F.3d at 806 ("The case for the futility doctrine is most compelling where
2    the question is one of pure law, and the circumstances of the individual case are largely irrelevant.").
3    Petitioner has not argued, much less demonstrated, that his second state habeas petition raises purely
4    legal issues.  The record before the Court suggests otherwise.  (*See e.g.*, Doc. No 57 at 6-8); *see also*
5    *Speight v. Davey*, No. 2:15-cv-00209-TLN-DB (HC), 2017 WL 75797 at *4 (E.D. Cal. Jan. 9, 2017)
6    (observing the futility doctrine has been narrowly applied, but finding futility where the state court had
7    addressed the same issue in the same case), *report and recommendation adopted*, No. 2:15-cv-00209-
8    TLN-DB (HC), 2017 WL 784993 (E.D. Cal. Mar. 1, 2017); *Taylor v. King*, No. 2:12-cv-08764-CJC-
9    SP, 2012 WL 7145708 at *2 (C.D. Cal. Dec. 10, 2012) (recognizing that both the United States
10   Supreme Court and the Ninth Circuit Court of Appeals have narrowly applied the futility
11   exception), *report and recommendation adopted*, No. 2:12-cv-08764-CJC-SP, 2013 WL 571803 (C.D.
12   Cal. Feb. 7, 2013).

13   Finally, Petitioner has not demonstrated prejudice raised by state court delay in considering his
14   second habeas petition.  As noted, courts generally consider three factors when determining prejudice,
15   (1) oppressive incarceration pending appeal, (2) anxiety and concern of the accused awaiting the
16   outcome of the appeal, and (3) the possibility that grounds for appeal or defense upon any retrial will
17   be impaired.  *Barker,* 407 U.S. at 532; *Coe,* 922 F.2d at 532.  The last factor is the most
18   significant.  *Coe*, 922 F. 2d. at 532.

19   Petitioner argues that any delay in the state habeas court must be prejudicial because the claims
20   in his second state exhaustion petition are meritorious.  (*See* Doc. 70 at 3-5 citing Doc. 37 at 225-48,
21   275-79.)  Respondent counters that Petitioner has not proffered facts showing delay in the Tulare
22   County Superior Court has prejudiced his case.  (*See* Doc. 67 at 9.)  The Court agrees. Petitioner has
23   not argued or shown that the oppressiveness of his incarceration and any anxiety awaiting the outcome
24   of his second state habeas petition, exceed that of any other habeas petitioner awaiting adjudication of
25   claims in the California state courts.  *See Coe,* 922 F.2d at 532.  Moreover, even if colorable,
26   Petitioner's state claims have not yet been found meritorious by any court. (*See e.g.*, Doc. 57 at 6-10.)

27   Likewise, Petitioner has not argued nor presented facts that his exhaustion claims have been or
28   will be impaired by the ongoing state habeas corrective process. *See e.g.*, *Wheeler v. Kelly*, , 639 F.

11

Supp. 1374, 1381 (E.D. New York 1986)) (specific prejudice found where, upon retrial after appeal "the passage of [four] years will make it more difficult for the petitioner to refresh the memory of witnesses or locate new exculpatory evidence."); *Simmons v. Blodgett*, 910 S. Supp. 1519, 1524 (W.D. Wash. 1996) (specific prejudice found and exhaustion excused where the constitutional claims turns upon the testimony and credibility of one elderly, marginally competent witness in poor health). Petitioner's reliance upon only the alleged underlying constitution violations as evidence of prejudice under *Coe*, is misplaced, for the reasons stated. Thus, the Court finds that Petitioner has not met his burden of showing the exceptions set forth at § 2254(b)(1)(B)(i)(ii) apply in his case, or that he has been denied due process.

### III. CONCLUSIONS

The facts and evidence presently before the Court do not allow it to ignore the Supreme Court's admonishment that comity demands exhaustion. *See Coleman,* 501 U.S. at 731 (the states should have the first opportunity to address and correct alleged violations of state prisoner's federal rights); *Granberry v. Greer,* 481 U.S. 129, 134 (1987) (quoting *Ex parte Hawk,* 321 U.S. 114, 117 (1944)) (the exhaustion doctrine is essentially a matter of federalism and comity, and courts have the discretion to dispense with the rule only in rare cases where exceptional circumstances of peculiar urgency are shown to exist); *Buffalo v. Sunn*, 854 F.2d 1158, 1164 (9th Cir.1988) ("[T]he exhaustion doctrine ensures that the highest state court is given one full and fair opportunity to review alleged constitutional error before federal habeas review ensues."). Such deference to state courts comports with the principle that the federal courts should abstain from interfering in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971).

For all the reasons stated, Petitioner falls short of showing that the rule of exhaustion should be dispensed with here due to exceptional circumstances of peculiar urgency. Particularly so, as the state exhaustion claims might be subject to procedural default and bar - a matter not yet considered by the state court. *See Deitz v. Money*, 391 F.3d 804, 811-12 (6th Cir. 2004), *abrogated on other grounds by Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011) (habeas court was entitled to reach ineffective assistance of counsel claim on the merits, notwithstanding that it had not been exhausted in state courts, where state remedies were no longer available and case was not barred by procedural default).

Accordingly, Petitioner's instant motion to lift the stay of federal proceedings and excuse exhaustion (Doc. 64) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 18, 2022**

_____
UNITED STATES DISTRICT JUDGE