UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LACY LETNER, | Case No.  1:18-cv-01459-JLT |
| Petitioner, | DEATH PENALTY CASE |
| v. | MEMORANDUM DECISION AND ORDER: (1) DEEMING UNEXHAUSTED CLAIMS DELETED FROM THE FIRST AMENDED HABEAS CORPUS PETITION, and (2) DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS |
| RAFAEL ACEVEDO, Warden of the R. J. Donovan Correctional Facility, | |
| Respondent.[1] | |

## I. INTRODUCTION

Respondent moves to dismiss the first amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (hereinafter the "Amended § 2254 Petition") on grounds claims II(B)(13), III(B)(12), X, XXIX, XXXII, and XXXVII are unexhausted in state court. (Doc. 84). Petitioner filed a reply to the motion conceding that Claim XXXII is unexhausted and withdrawing it; arguing that Claims II(B)(13), III(B)(12), XXIX and XXXVII are exhausted; and alternatively arguing that Claim X should be deemed exhausted. (Doc. 87). Respondent filed a reply, arguing Claim X and the Declaration of Fred Renfroe supporting it cannot be

---

[1] A California Incarcerated Records and Information Search ("CIRIS") shows that petitioner is incarcerated at the R. J. Donovan Correctional Facility, San Diego, CA, in the care and custody of Warden Rafael Acevedo. *See* Ciris.mt.cdcr.ca.gov (last visited April 16, 2026). Pursuant to Federal Rule of Civil Procedure 25(d), Warden Acevedo is substituted as respondent in place of his predecessor wardens.

1

deemed exhausted. (Doc. 90 citing Doc. 37-31 [Ex. 205 to the original § 2254 petition]).

## II. BACKGROUND

In 1990, petitioner and co-defendant Christopher Tobin were jointly tried and convicted in Tulare County Superior Court of first-degree murder with special circumstances of murder committed in the course of burglary, attempted rape and robbery, as well as robbery, burglary, attempted rape, and theft of an automobile, all arising from the March 1988 stabbing death of 59-year-old Ivon Pontbriant.[2] Petitioner and Tobin were sentenced to death and to consecutive prison terms for the non-capital offenses.

In 2010, the California Supreme Court affirmed on petitioner's direct appeal of his conviction and sentence. *People v. Letner and Tobin,* 50 Cal. 4th 99 (2010), *rehearing denied* Sep. 15, 2010, *certiorari denied* Apr. 18, 2011*, Letner v. California*, 563 U.S. 939. In 2018, the California Supreme Court summarily denied petitioner's first state habeas petition (hereinafter the "1SHCP") on the merits and as to certain claims on procedural grounds. (Doc. 25-8, *In re Richard Lacy Letner*, Case No. S151222). That same year, petitioner began this federal proceeding. Counsel was appointed and on December 19, 2019, petitioner filed a 586-page federal petition pursuant to 28 U.S.C. § 2254 stating 43 claims including subclaims, supported by 31 exhibits (hereinafter the "Original § 2254 Petition"). (Doc. 37).

On July 10, 2020, the Court stayed this proceeding for exhaustion of claims in state court. (Doc. 58.) In 2021, petitioner filed a second state habeas petition in Tulare County Superior Court (hereinafter the "Exhaustion Petition"). (Doc. 80-1 [Ex. 209 to Amended § 2254 Petition]),). In 2024, the Tulare County Superior Court denied the Exhaustion Petition on the merits and on procedural grounds. (Doc. 80-4 [Ex. 212 to the Amended § 2254 Petition]). Petitioner did not appeal denial of the Exhaustion Petition. (*See* Doc. 87 at 13-17).

In 2022, petitioner filed a petition for resentencing pursuant to Penal Code section 1172.6 [Senate Bill 1437] in Tulare County Superior Court (hereinafter the "Section 1172.6 Petition").[3]

---

[2] Tobin's related federal habeas proceeding is on exhaustion stay. *Tobin v. Davis*, 18-cv-1375-JLT (Docs. 50, 51 therein).

[3] All reference to state law is to California law.

(*See* Doc. 80 at 46).[4] [5] In 2023, the Tulare County Superior Court denied the Section 1172.6 Petition on the merits. (Doc. 80-5 [Ex. 213 to the Amended § 2254 Petition]). Petitioner appealed the denial of the Section 1172.6 Petition to the California Court of Appeal – Fifth Appellate District (hereinafter "Appellate Court"). (*See* California Courts - Appellate Court Case Information, online docket for Case No. F087255). In 2025, the Appellate Court dismissed the appeal on jurisdictional grounds without prejudice to the petitioner presenting a new petition for habeas corpus pursuant to Proposition 66 (Penal Code section 1509) consistent with *People v. Thompson*, 106 Cal.App.5th 101 (2024). (*See id*.). Later that year, petitioner filed a petition for review of the dismissed appeal to the California Supreme Court, which was summarily denied. (*See* California Supreme Court – Case Information, online docket for Case No. S290632). Petitioner concedes that he did not present in state court a new or renewed petition for habeas corpus pursuant to Penal Code section 1509. (*See* Doc. 80 at 301-02; Doc. 87 at 13-16).[6]

In 2023, petitioner filed in the Tulare County Superior Court a habeas petition pursuant to Penal Code section 1473 challenging alleged false, misleading, and unreliable testimony by prosecution expert FBI Agent Michael Malone regarding microscopic comparison of crime scene hairs (hereinafter the "Forensic Petition"). (Doc. 80-6 [Ex. 214 to Amended § 2254 Petition]). Later that year, the Tulare County Superior Court summarily denied the Forensic Petition on the merits. (Doc. 80-9 [Ex. 217 to Amended § 2254 Petition]). In 2024, petitioner filed in the Appellate Court a habeas petition reasserting claims denied in the Forensic Petition. (Doc. 80-10 [Ex. 218, Case No. F087476]). In 2025, the Appellate Court summarily denied the petition on jurisdictional grounds and as successive. (*See* Appellate Court Case Information [*In re Richard Lacy Letner, Jr. on Habeas Corpus*], online docket for Case No. F087476). Later

---

[4] SB 1437 modified California law to limit liability for murder in the commission of a felony to situations where a participant in the underlying felony: (1) is the actual killer; (2) is not the actual killer but, with intent to kill, aids or abets a first degree murder; or (3) is a major participant in the underlying felony and acts with reckless indifference to human life. Cal. Pen. Code § 189(e); [Effective January 1, 2019 to amend Penal Code §§ 188 and 189 and add Penal Code § 1170.95.]

[5] Penal Code section 1l172.6 (formerly Penal Code section 1170.95) provides for a petition to vacate a murder conviction and to be resentenced on the remaining counts because of changes in the law effective January 1, 2019 relating to imputed malice.

[6] Reference to pagination is to CM/ECF system pagination.

that year, petitioner filed a petition for review in the California Supreme Court. (Doc. 80-13 [Ex. 221 to Amended § 2254 Petition]). The California Supreme Court summarily denied the petition for review. (*See* California Supreme Court – Case Information, online docket for Case No. S290042).

On September 19, 2025, the Court lifted the exhaustion stay on stipulation of the parties and notwithstanding their disagreement regarding the exhaustion status of certain claims, evidence, and aspects thereof asserted in the Original § 2254 Petition. (Doc. 79). On October 22, 2025, petitioner filed the operative 531-page Amended § 2254 Petition stating 37 claims including subclaims, supported by 14 exhibits. (Doc. 80).

### III. LEGAL STANDARDS

In ruling on a motion to dismiss, the court must "accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F. 3d 1025, 1031 (9th Cir. 2008)). Rule 4 of the Rules Governing Section 2254 Cases authorizes summary dismissal of a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (construing a motion to dismiss a habeas petition as a Rule 4 motion). The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g., O'Bremski*, 915 F.2d at 420 (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies). Accordingly, the Court reviews respondent's instant motion and petitioner's opposition under Rule 4. *See Crim v. Benov*, 2011 WL 1636867, at *3 (E.D. Cal. Apr. 29, 2011) ("[T]he Court has the inherent power under the Rules Governing Section 2254 Cases to construe Respondent's motion to dismiss as an answer on the merits and Petitioner's opposition to the motion to dismiss as a traverse."), *aff'd*, 471 F. App'x 670 (9th Cir. 2012); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (noting that under Rule 4, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims in petitions to the California Supreme Court. *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). The factual basis of a claim has been fairly presented as long as the facts subsequently alleged in federal court do not: (i) fundamentally alter the nature of the claim presented to the state court, (ii) place the claim in a significantly different and stronger evidentiary posture than it was when the state courts considered it, or (iii) substantially improve the evidentiary basis of the claim. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Atkins v. Bean*, 122 F.4th 760, 771 (9th Cir. 2024); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994), *superseded by statute on other grounds as stated in Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012); *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).

## IV. DISCUSSION

**A.    Claim II(B)(13)**

Respondent asserts that Claim II(B)(13) has not been presented to the California Supreme Court. (Doc. 84 at 6-7). Claim II(B)(13) alleges trial counsel's ineffective assistance by having distain for petitioner, which resulted in conflicting sympathies and prejudicially deficient conduct as supported by the Declaration of Fred Renfroe.[7] (Doc. 80 at 179-81).

The Amended § 2254 Petition alleges Claim II was exhausted by the 1SHCP at claim 1 therein. (*See* Doc. 80 at 83). In his response to the instant motion, petitioner argues Claim

---

[7] Fred Renfroe represented petitioner as appointed state habeas counsel. (*See* Doc. 37-31).

II(B)(13)'s federal legal theory and operative facts were presented in state court (Doc. 87 at 6 citing Doc. 24-1 at 11-61), and that in any event the Declaration of Fred Renfroe does not "fundamentally alter" or "significantly change" the exhausted Claim II allegations so as to render them unexhausted. (*Id.*). Respondent assets that the Declaration of Renfroe was not exhausted in the state record and should not be considered by the Court. (Doc. 90 at 2). The Court finds that Claim II(B)(13) is unexhausted.

The legal theory underlying Claim II(B)(13), that counsel was personally conflicted by his disdain and scorn for and disbelief of petitioner leading to deficient conduct during development and presentation of the guilt phase, was not presented in state court. Contrary to petitioner's assertion, the 1SHCP at claim 1 therein did not raise counsel's alleged conflict of interest. (*See* Doc. 24-1 at 11-61; *see also Castillo v. McFadden,* 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."); *Davis v. Silva,*, 511 F.3d 1005, 1009 (9th Cir. 2008) (to exhaust the factual basis of the claim, the petitioner must provide the state court with "all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies."). The test is whether petitioner's new facts raise claims "so clearly distinct from the claims he has already presented to the state courts that it may fairly be said that the state courts have had no opportunity to pass on the claim. . . ." *Humphrey v. Cady*, 405 U.S. 504, 516, n.18 (1972). The California Supreme Court did not have the opportunity to pass on Claim II(B)(13), for the reasons stated.

Petitioner has conceded the Claim IIB)(13) allegations as raised in the Original § 2254 Petition remain unexhausted. Claim XXII of the Original § 2254 Petition raised the Claim II(B)(13) allegations in the context of conflict of interest under *Cuyler v. Sullivan*, 446 U.S. 335 (1980) and *United States v. Cronic*, 466 U.S. 648 (1984), and proffered the Declaration of Renfroe in support. (*See* Doc. 37 at 342-50; *cf.* Doc. 80 at 179-80). Prior to filing the Amended § 2254 Petition, petitioner conceded claim XXII remained unexhausted in state court. (Doc. 77 at 11).

Even if Claim II(B)(13) had been raised in the 1SHCP as petitioner contends, the Court

6

would be unable to consider the Declaration of Renfroe because that Declaration was not before the California Supreme Court when it denied the 1SHCP on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181-82 (2011) (habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits). Petitioner's alternative argument, that the Declaration of Renfroe provides context and support for Claim II's exhausted allegations, is unpersuasive. The Declaration of Renfroe raises facts of trial counsel's alleged personal conflict of interest, a theory not raised in uncontested Claim II allegations. *See e.g.*, *Humphrey*, 405 U.S. at 516 n.18 (the test is whether petitioner's new facts are "so clearly distinct" from the claim he has already presented to the state court that it may fairly be said that the state court had "no opportunity" to pass on the claim); *accord Scott v. Schriro*, 567 F.3d 573, 583 (9th Cir. 2009).

For the reasons stated, the unexhausted Claim II(B)(13) allegations and supporting Declaration of Renfroe do "fundamentally alter" or "significantly change" the Claim II allegations concededly presented in state court. Petitioner's argument otherwise is rejected. The Court will deem unexhausted Claim II(B)(13) deleted from the Amended § 2254 Petition, at petitioner's request. (Doc. 87 at 20).

**B.    Claim III(B)(12)**

Respondent asserts Claim III(B)(12) has not been presented to the California Supreme Court. (Doc. 84 at 7-8 citing Doc. 80 at 253-61). Claim III(B)(12) alleges prosecutorial misconduct by "fail[ure] to disclose the existence of a potentially exculpating carpet control sample that eliminated the validity of and caused to be false and misleading [DOJ criminalist Rodney Andrus's] expert testimony about the presence of semen in Ms. Pontbriant's carpet[.]" (Doc. 80 at 253).

The Amended § 2254 Petition alleges that Claim III(B)(12) was exhausted by the 1SHCP at claim 3 therein (Doc. 80 at 184; *see* Doc. 24-1 [1SHCP] at 154-93), and on direct appeal at argument 22 therein (*id*.; *see* Doc. 23-2 [Appellant's Opening Brief [hereinafter "AOB"] at 468-96). In his response to the instant motion, petitioner argues that even if unpresented in state court, the Claim III(B)(12) allegations merely corroborate and do not significantly change the

larger claim of prosecutorial misconduct by failure to disclose exculpatory evidence that he did exhausted in state court including as to FBI Agent Malone's allegedly unreliable expert testimony regarding crime scene hair evidence. (Doc. 87 at 9-12; *see also* Doc. 77 at 8 citing Doc. 24-1 at 190-91, Doc. 24-12 at 229 et seq.). Respondent responds by rejecting petitioner's argument that the carpet control sample in the context of Andrus's testimony is merely cumulative of the other facts asserted in claim III. (Doc. 90 at 3, citing Doc. 87 at 10).  The Court finds the Claim III(B)(12) allegations are unexhausted.

The operative facts raised by Claim III(B)(12) were not presented in state court in the context of prosecutorial misconduct by failure to disclose exculpatory evidence. Contrary to petitioner's assertion, neither the 1SHCP at claim 3 therein (including incorporated claims 1, 2, and 5), nor the direct appeal at argument 22 (including incorporated argument 26 and related arguments on direct appeal asserted by co-defendant Tobin), raise the operative facts of Claim III(B)(12). (*See* Doc. 80 at 184; Doc. 24-1 [1SHCP] at 154-93; Doc. 24-12 [Informal Reply re 1SHCP] at 229-58]; Doc. 23-2 [AOB] at 468-96, 524-30; Doc. 23-7 [Reply Brief in Support of AOB] at 151-64; *see* 18-cv-1375, Doc. 19-2 [Tobin AOB] at arguments 27-31]).

For example, the unexhausted Claim III(B)(12) allegations regarding an undisclosed carpet control sample in the context of the stain opinions of criminalist Andrus, are unrelated to and substantially alter and improve upon the facts of prosecutorial misconduct otherwise alleged in Claim III including as to impeachment of prosecution expert Malone. (*See e.g.*, Doc. 77 at 8 citing Doc. 37 at 249-51[claim III(B))10) therein]; *cf. Sivak v. Hardison,* 658 F.3d 898, 908 (9th Cir. 2011) (claim exhausted where the challenged evidence "bolstered" the legal and factual basis of the claim raised in state court); *Atkins,* 122 F.4th 773 (same). Petitioner has conceded the Claim III(B)(12) allegations as raised in the Original § 2254 Petition as claim IV G therein, were unexhausted. (*See* Doc. 37 at 279-84 [claim IV G therein]; Doc. 77 at 8). Thus, the Court deems unexhausted Claim III(B)(12) deleted from the Amended § 2254 Petition, at petitioner's request. (Doc. 87 at 20).

**C.    Claim X**

Respondent asserts that Claim X is unexhausted in the California Supreme Court. (Doc.

84 at 8-11). Claim X alleges the trial court's instructions on felony murder or murder and the natural and probable consequences doctrine were ambiguous and unconstitutional under the Fifth, Sixth, Eighth, and Fourteenth Amendments, in light of subsequent state law, Penal Code section 1172.5 (California SB 1437), and in the context of facts developed post-conviction regarding prosecution expert Malone.[8] (*See* Doc. 80 at 293-307). Respondent asserts Claim X has not been presented to the California Supreme Court in a procedural posture where the merits would be considered, i.e. in a Penal Code section 1509 habeas petition. (*See* Doc. 84 at 8-11; Doc. 90 at 4).

Petitioner, in the Amended § 2254 Petition alleges that Claim X was exhausted on direct appeal (AOB at argument 12 therein), which he contends raised the factual predicate of Claim X. (Doc. 80 at 293-94). Petitioner argues that his above noted pursuit of the 1172.6 claim in the state courts (*see* Section II, ante) suffices as exhaustion, and he need do no more. (Doc. 87 at 13). He also argues that state procedural default is not a basis to find Claim X unexhausted because there was no such default or he is entitled to relief from default. (*See* Doc. 87 at 13-17). The Court disagrees and finds that Claim X is unexhausted.

The predicate state law basis for the alleged federal constitutional error, instructional error in light of Penal Code section 1172.6, in the context of alleged operative facts relating to prosecution expert Malone developed post-conviction, was not presented to the California Supreme Court in a procedural posture where the merits would be reached. (*See* section II, ante); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (claim not "fairly presented" where raised for the first and only time in a procedural context in which its merits will not be considered). The California Supreme Court reviewed only the Appellate Court's denial of the Section 1172.6 Petition on jurisdictional grounds, a posture where the merits would not be reached. (*Id.*).

Contrary to petitioner's assertion, the direct appeal at argument 12 did not raise Claim X's allegations regarding the subsequently enacted provisions of Penal Code section 1172.6 on operative facts discovered post-conviction relating to FBI Agent Malone. (*See* Doc. 80 at 293-94; Doc. 23-2 [AOB] at 371-80; Doc. 23-7 [Reply Brief in Support of Appeal] at 115-19; *see*

---

[8] As noted, Penal Code section 1172.6 was renumbered and amended, effective June 30, 2022 (formerly Penal Code section 1170.95, codified January 1, 2019)).

*also* Doc. 84 at 9). Though argument 12 of the direct appeal contests the aider and abettor instructions given during the guilt phase as violative of the Sixth, Eighth, and Fourteenth Amendments (*see* Doc. 23-2 at 371-80), Claim X's extra-record allegations substantially change and improve argument 12, leaving the former unexhausted.

Penal Code section 1172.6 claim was not otherwise exhausted. The Tulare County Superior Court denied the Section 1172.6 Petition on the merits (Doc. 80-5) and later denied the 1172.6 claim included in the Exhaustion Petition on the same basis and on procedural grounds (i.e., that a 1172.6 claim could not be raised in a Penal Code section 1509 habeas petition). (Doc. 80-4 at 7). Petitioner did not seek review of denial of the Exhaustion Petition. Petitioner's appeal of denial of the Section 1172.6 Petition to the Appellate Court was denied on jurisdictional grounds without prejudice to a habeas corpus petition pursuant to Penal Code section 1509. (Doc. 80-5; *see also* Doc. 80 at 301, Doc. 80-4 at 6-7). As respondent observes, petitioner did not file a new or renewed Penal Code section 1509 petition raising the Penal Code section 1172.6 claim. (Doc. 84 at 10; Doc. 87 at 13-15).

Petitioner's further argument that the law of the case doctrine does not preclude "[petitioner] or anyone else who has been previously found guilty of a special circumstance from establishing a prima facie case under Penal Code section 1172.6 - even if there was a jury finding of an intent to kill that was upheld on appeal[,]" confirms that Claim X relies upon Penal Code section 1172.6 for its legal basis. (Doc. 80 at 297). Petitioner did not exhaust Penal Code section 1172.6 as the legal basis for Claim X, for the reasons stated. It follows that the alleged factual basis for Claim X including post-conviction development of facts relating to FBI Agent Malone, was not exhausted in state court in the context of a Penal Code section 1172.6 claim. (*See* Doc. 80 at 299-302).

Petitioner has not shown futility as a basis to deem Claim X exhausted. Under the federal habeas statute, a claim is unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In this case, based upon the present record before the court, petitioner has not demonstrated that he lacks the right to raise the unexhausted allegations in state court. *See* 28 U.S.C. § 2254(b)(1), (c); *In re*

*Friend,* 11 Cal. 5th 720, 739-42 (2021), *as modified September 1, 2021* (the restrictions on successive habeas petitions promulgated in Proposition 66, California's Death Penalty Reform and Savings Act of 2016 [as approved by voters, Gen. Elec. (Nov. 8, 2016) § 1], do not apply to a newly available claim raised at the first opportunity); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (the [28 U.S.C. § 2254(b)(1)(B)(i)] exception applies "if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). Petitioner has not argued much less shown that he lacks the ability to return to state court to exhaust the Penal Code section 1172.6 allegations through the Penal Code section 1509 habeas corpus process, the procedurally correct process reflected in the record.  *See* 28 U.S.C. § 2254(b)(1)(B) (exhaustion may be excused where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); *Lynch v. Davis*, 2021 WL 326921, at *2 (N.D. Cal. Feb. 1, 2021) ("[A]ny uncertainty about whether there is a potential state court remedy - that is, whether Petitioner has the right to raise an issue in the state court by any available procedure - must be resolved in favor of requiring exhaustion.").

Moreover, the Court is unpersuaded by petitioner's suggestion that the state's process for exhausting his Penal Code section 1172.6 claim, whether by a Penal Code section 1172.6 petition or a Penal Code section 1509 petition, is ineffective. (*See* Doc. 80 at 297 citing *People v. Strong*, 13 Cal. 5th 698 (2022)). It remains that petitioner has not shown exhaustion of this claim on the merits was or is unavailable. (*See* section II, ante); *see also Thompson*, 106 Cal. App. 5th at 118–19 (capital defendants seeking Penal Code section 1172.6 resentencing must request that relief in a petition for writ of habeas corpus pursuant to Penal Code section 1509). Particularly so, as "[t]he case for the futility doctrine is most compelling where the question is one of pure law, and the circumstances of the individual case are largely irrelevant."). *Noltie v. Peterson*, 9 F.3d 802, 806 (9th Cir. 1993). As discussed above, Claim X does not raise a purely legal issue. Also, the federal courts should abstain from interfering in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *see also Noltie*, 9 F.3d at 805–06 (citing *Roberts v. Arave,* 847 F.2d 528, 530 (9th Cir.1988)) (petitioners must properly exhaust

their claims by presenting them to the state's highest appellate court even if doing so appears futile); *Taylor v. King*, 2012 WL 7145708, at *2 (C.D. Cal. Dec. 10, 2012) (citing *Engle v. Isaac,* 456 U.S. 107, 130 (1982)) (recognizing that both the United States Supreme Court and the Ninth Circuit have narrowly applied the futility exception), *report and recommendation adopted*, 2013 WL 571803 (C.D. Cal. Feb. 7, 2013).

Additionally, petitioner has not shown the doctrine of procedural default aids him in arguing exhaustion of Claim X. As respondent correctly observes, "all that is at issue currently is whether the claim is exhausted - not whether this Court is precluded from hearing the merits of this claim due to a procedural bar imposed by the state court." (Doc. 90 at 4). A claim denied on procedural grounds in state court is not exhausted where, as here, the petitioner can still use appropriate procedures to afford the state courts the initial opportunity to address the claim on the merits. 28 U.S.C. § 2254(c); *Sweet v. Cupp*, 640 F.2d 233, 237-38 (9th Cir. 1981); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (a petitioner who has procedurally defaulted his federal claims meets the technical requirements for exhaustion when state remedies are no longer available to him); *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (the exhaustion requirement is distinct from the procedural default rule, the exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available under state law; the procedural default rule bars consideration of a federal claim found by the state court to be procedurally barred, or if it is clear that the state court would hold the claim procedurally barred); *Stanley v. Ayers*, 2017 WL 2224815, at *9 (N.D. Cal. May 22, 2017) (same). Petitioner's further argument that his Penal Code section 1172.6 claim is exhausted because he would be entitled to relief in this Court from any state court procedural default of that claim, falls short for the same reasons. Thus, the Court deems unexhausted Claim X deleted from the Amended § 2254 Petition, at petitioner's request. (Doc. 87 at 20).

**D.    Claim XXIX**

Respondent asserts that Claim XXIX is unexhausted in the California Supreme Court. (Doc. 84 at 11-12 citing Doc. 80 at 483-95). Claim XXIX alleges systemic delay in California's

death penalty process on facts of "arbitrarily selecting a small number of condemned inmates for death, while leaving the rest to languish on death row . . . and extreme delays" lacking any "legitimate penological purpose", that renders the death penalty process arbitrary and dysfunctional and violates the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. 80 at 483).

The Amended § 2254 Petition alleges that Claim XXIX was exhausted in the 1SHCP at claim 10 therein and on direct appeal at argument 29 therein. (Doc. 80 at 483). In his response to the instant motion, petitioner points out that: 1SHCP claim 10 included allegations that petitioner's death sentence is unconstitutional because it was selected and imposed in a discriminatory, arbitrary, and capricious fashion (Doc. 87 at 17), and that the direct appeal at argument 29 alleged California's death penalty system lacks safeguards needed to ensure a reliable and fair jury determinations (*id*. at 18). Respondent asserts that petitioner "has not presented a claim of constitutional error based on delay in California's capital postconviction review process to the California Supreme Court." (Doc. 90 at 4).  The Court finds that Claim XXIX is unexhausted.

Claim XXIX alleges the state's post-conviction death penalty process and execution of the death sentence upon the population of condemned inmates is arbitrary and capricious due to systemic delay in California's death penalty process, violating the Eighth Amendment under *Furman v. Georgia*, 408 U.S. 238 (1972), and *People v. Seumanu*, 61 Cal. 4th 1293 (2015). (Doc. 80 at 488).[9] Contrary to petitioner's assertion, the Claim XXIX legal and factual basis was not presented in 1SHCP claim 10. In the 1SHCP at claim 10, petitioner alleges his conviction and sentence are arbitrary and capricious and cruel and unusual punishment because he did not receive an individualized adjudication free of race and gender discrimination, violating his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. 24-1 at 240-48). In support of the 1SHCP at claim 10, petitioner raises operative facts of unbounded prosecutorial discretion and impermissible race and gender and economic status considerations. (*Id*.)  The Court is unpersuaded that Claim XXIX's legal basis and operative facts are exhausted

---

[9] Petitioner states that Claim XXIX is distinct from the Eighth Amendment *Lackey* claim he previously raised in state court. (*See* Doc. 80 at 484 n.42, citing *Lackey v. Texas*, 514 U.S. 1045 (1995) (Stevens, J., respecting denial of certiorari), based on the individual suffering endured by inmates living on death row.

13

by the 1SHCP at claim 10.

The Court also is unpersuaded by petitioner's assertion that Claim XXIX was exhausted on direct appeal at argument 29. In the direct appeal at argument 29, petitioner alleges that California's death penalty statute, pattern instructions, and process are arbitrary, capricious, and overbroad, violating the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. 23-2 at 548-612). Particularly, argument 29 was based upon Penal Code sections 190.2 and 190.3 and related pattern instructions for sentence determination, and the alleged lack of procedural safeguards including written jury findings beyond a reasonable doubt, proportionality review, and precluding consideration of unadjudicated criminal conduct. (*Id.*). But these allegations on direct appeal do not include Claim XXIX's noted legal and factual basis. Petitioner concedes the Claim XXIX allegations as raised in the Original § 2254 Petition at claim XXXVI therein, were unexhausted. (*See* Doc. 37 at 538-49 [claim XXXVI therein]); Doc. 77 at 11). The Court deems unexhausted Claim XXIX deleted from the Amended § 2254 Petition, at petitioner's request. (Doc. 87 at 20).

**E.    Claim XXXVII**

Respondent asserts that Claim XXXVII alleging cumulative constitutional error is unexhausted to the extent it incorporates unexhausted claim(s). (Doc. 84 at 12 citing Doc. 80 at 528; Doc. 90 at 5). Petitioner argues that Claim XXXVII is exhausted for the reasons he articulates above. (Doc. 87 at 19).

The Court finds Claim XXXVII to be exhausted upon the deletion of the above noted unexhausted claims. *See Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008) (stand-alone cumulative error claim must be exhausted); *accord Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000).

## V. CONCLUSIONS

Based on the foregoing, the Court **ORDERS**:

1. Claims II(B)(13), III(B)(12), X, XXIX, and XXXII asserted in the Amended § 2254 Petition are unexhausted.

2. Claim XXXVII is unexhausted to the extent it incorporates each and all of Claims

II(B)(13), III(B)(12), X, XXIX, and XXXII.

3.  Upon the deemed deletion of Claims II(B)(13), III(B)(12), X, XXIX, and XXXII, the Amended § 2254 Petition is fully exhausted, and petitioner may proceed thereon.

4.  Unexhausted Claims II(B)(13), III(B)(12), X, XXIX, and XXXII are deemed DELETED from the Amended § 2254 Petition (Doc. 80).

5.  Respondent's motion to dismiss (Doc. 84) is DENIED as moot.

6.  The current case scheduling remains in full force and effect.

IT IS SO ORDERED.

Dated:  __**April 17, 2026**__

UNITED STATES DISTRICT JUDGE